UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN LOPEZ,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　　v.<br><br>SMELOSKY, et al.,<br><br>　　　　　　　　　　Defendants. | Civil No.　08cv1648 JAH (CAB)<br><br>**REPORT AND RECOMMENDATION REGARDING DEFENDANTS' MOTION TO DISMISS**<br>**[Doc. No. 17.]** |

## I. INTRODUCTION

Plaintiff Steven Lopez, a state prisoner proceeding *pro se*, brought this action for violations of his civil rights under 42 U.S.C. § 1983. On January 23, 2009, Defendants moved to dismiss the Complaint on the following grounds: (1) failure to exhaust administrative remedies as required by the Prison Litigation Reform Act; (2) failure to state a claim for deliberate indifference to medical needs or medical malpractice; (3) failure to state a claim against Defendant Smolesky; and (4) Defendants are immune from suit in their official capacities. Plaintiff did not submit an opposition. For the reasons that follow, this Court recommends Defendants' motion be **GRANTED** and the Complaint be **DISMISSED without prejudice** for failure to exhaust administrative remedies. Because Plaintiff failed to properly exhaust administrative remedies, the Court does not reach the issue of whether Plaintiff failed to state a cognizable claim for relief.

///

///

## II.  FACTS

At all relevant times, Plaintiff was incarcerated at Centinela State Prison.  On June 4, 2008, Plaintiff was stabbed by an unknown individual(s) while in the exercise yard.  (Complaint at 4.)[1]  Following the incident, while Plaintiff was being transferred to the prison treatment center, Defendant Parkhill, a correctional officer, told Plaintiff the following: "We knew this was going to happen to you and who was going to do it.  We were expecting it for the past week, but when it didn't happen, we figured it would happen today, so we were on standby waiting for it.  We were all aware of the reason this happened to you and we were waiting for it to go down."  (*Id*.)

Due to the severity of his injuries, Plaintiff was transferred from the prison treatment center to the University of San Diego Medical Center.  On June 6, 2008, Plaintiff was discharged from the hospital and returned to Centinela, where he was housed in the administrative segregation unit.   (*Id*.; Plaintiff's Exhibit A at 4.)  Plaintiff's discharge instructions stated he be placed on restricted activity pending a follow-up appointment.  (Plaintiff's Exhibit A at 4.)  On June 14, 2008, Plaintiff's medical condition was assessed and he was cleared for "normal" activity.  (Plaintiff's Exhibit A at 5.)

At some point following his return to Centinela, Plaintiff was interviewed by Defendants Buck and Parkhill, both correctional officers.  (Complaint at 5.)  They told him during the interview that they had prior knowledge he would be stabbed and that they let it happen.  (*Id*.)

## III.  DISCUSSION

Defendants argues the Complaint should be dismissed for failure to properly exhaust administrative remedies because Plaintiff did not submit an appeal within fifteen days of the incident, as required by California Code of Regulations title 15, section 3084.6.  A prisoner may not bring an action under 42 U.S.C. § 1983 until he has exhausted administrative remedies.  42 U.S.C. § 1997e(a).  The statute requires "proper exhaustion," which means "complet[ing] the administrative review process in accordance with the applicable procedural rules."  *Jones v. Bock*, 549 U.S. 199, 217-18 (2007) (quoting *Woodford v. Ngo*, 548 U.S. 81, 88 (2006)).  "The level of detail necessary in a grievance to comply with

///

---

[1] The page numbers referenced in regards to the Complaint are those assigned to the document by the CM/ECF filing system.

the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the [statute], that define the boundaries of proper exhaustion." *Id*.

Furthermore, exhaustion is a precondition to *suit*, and thus a court must dismiss without prejudice when there is no pre-suit exhaustion. *McKinney v. Carey*, 311 F.3d 1198, 1200-01 (9th Cir. 2002) (italics in original). Failure to exhaust may result in a procedural default because the exhaustion requirement can only be satisfied by "proper exhaustion of administrative remedies," which means a prisoner cannot satisfy the requirement "by filing an untimely or otherwise procedurally defective administrative grievance or appeal." *See Woodford*, 548 U.S. at 83-84.

Finally, section 1997e(a) does not impose a pleading requirement, but rather is an affirmative defense under which the defendants have the burden of raising and proving the absence of exhaustion. *Wyatt v. Terhune*, 315 F. 3d 1108, 1119 (9th Cir. 2003).  The failure to exhaust nonjudicial administrative remedies that are nonjurisdictional is subject to an unenumerated Rule 12(b) motion, instead of a summary judgment motion. *Id*. "In deciding a motion to dismiss for failure to exhaust nonjudicial remedies, the court may look beyond the pleadings and decide disputed issues of fact." *Id*. When a factual dispute exists concerning whether the plaintiff exhausted administrative remedies, "the court has a broad discretion as to the method to be used in resolving the factual dispute." *Ritza v. Int'l Longshoremen's & Warehousemen's Union*, 837 F.2d 365, 369 (9th Cir. 1988) (quoting *Moore's Federal Practice* ¶ 56.03, at 56-61 (2d ed. 1987)). "[N]o presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims," *Thornhill Publishing Co. v. General Te. & Elecs. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979) (internal quotations omitted).  If the court concludes the prisoner has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice. *Wyatt*, 315 F.3d at 1119.

In regards to the administrative remedies available to Plaintiff, the State of California affords its prisoners the right to administratively appeal "any departmental decision, action, condition or policy perceived by those individuals as adversely affecting their welfare." Cal. Code Regs. tit. 15, § 3084.1(a). In order to exhaust administrative remedies within this system, a prisoner must proceed through an informal appeal and three formal levels of review, the last of which is an appeal to the director of the

California Department of Corrections. *Barry v. Ratelle*, 985 F. Supp. 1235, 1237 (S.D. Cal. 1997). The initial formal appeal must be submitted within fifteen working days of the incident being appealed. Cal. Code Regs. tit. 15 § 3084.6(c). The exhaustion requirement of 42 U.S.C. § 1997e(a), is satisfied by a final decision at the Director's level. *Barry*, 985 F. Supp. at 1237-38.

Here, Plaintiff failed to properly exhaust administrative remedies because he did not file a timely initial formal appeal. Plaintiff was attacked on June 4, 2008, and Defendant Parkhill allegedly told Plaintiff immediately after the incident that prison staff knew he was going to be attacked and did nothing to prevent the attack. (Complaint at 4.) Thus, based on the date of the incident being appealed, the initial formal appeal was required to be submitted no later than June 25, 2008. D. DeGeus, Appeals Coordinator at Centinela State Prison, searched the Inmate/Parolee Appeals Tracking System for appeals filed by Plaintiff, while incarcerated at Centinela State Prison, alleging prison staff failed to protect him from an attack on June 4, 2008, even though they allegedly knew in advance when the attack would occur. (Decl. of D. DeGeus at ¶ 4.) The search revealed Plaintiff filed one appeal relating to these allegations on August 18, 2008, which was screened out as untimely because it was not filed within fifteen working days of the incident being appealed. (*Id*. at ¶¶ 5-6.)

Plaintiff was given an opportunity to submit an explanation and supporting documentation stating why he did not or could not file a timely appeal. (Decl. of D. DeGeus at ¶ 7.) In his explanation, Plaintiff claimed he was physically unable to submit any appeals due to his medical condition and submitted his medical reports as evidence.[2] (Decl. of D. DeGeus, Exhibit A at 9.) The appeals coordinator rejected Plaintiff's explanation because he believed Plaintiff's medical condition would not have prevented him from filing a timely written appeal. (Decl. of D. DeGeus at ¶ 8.) He noted Plaintiff was housed in the administrative segregation unit since June 6, 2008, and that if Plaintiff's condition was so debilitating to the point where he could not take care of himself he would have been housed in

---

[2] Plaintiff indicated in the August 18, 2008 appeal that he had submitted two earlier appeals, one of which never received a response and one which was repeatedly "returned for no reason." (Decl. of D. DeGeus, Exhibit A at 3.) However, when given an opportunity to explain why he did not file a timely appeal, Plaintiff did not mention any earlier appeals or submit copies of any earlier appeals. (*Id*. at 8-9.) Indeed, Plaintiff's argument that he was physically unable to file any appeals before August 18, 2008, is inconsistent with a claim that he had filed previous appeals. There was also no record in the Inmate/Parolee Appeals Tracking System of Plaintiff filing any other appeals regarding the June 4, 2008 incident. Finally, because Plaintiff did not provide any information about the alleged earlier appeals, it is unclear if they were even timely filed.

the Correctional Treatment Center. (*Id*.)  The appeals coordinator also noted Plaintiff had filed an appeal in a separate matter on July 28, 2008, approximately 20 days before he file the appeal in question, which contradicted his claim that he was physically unable to file an appeal prior to August 18, 2008. (*Id*. at ¶ 9.)  As a result, the appeals coordinator found it was appropriate to screen out the appeal as untimely.  Additionally, although not cited by Defendant, Plaintiff's own medical reports demonstrate he was cleared for "normal" activity following a check-up on June 14, 2008, which was eleven days before the June 25, 2008 deadline for the submission of his initial appeal. (Decl. of D. DeGeus, Exhibit A at 11.)  Accordingly, because Plaintiff failed to file an appeal within fifteen days of the incident being appealed, Plaintiff has failed to properly exhaust his administrative remedies. *See Woodford*, 548 U.S. at 83.

Furthermore, although Plaintiff's failure to submit a timely initial appeal is sufficient for the Court to determine that Plaintiff has failed to properly exhaust administrative remedies, the Court also notes Plaintiff did not file a Director's level appeal.  N. Grannis, Chief of the Inmate Appeals Branch for the California Department of Corrections and Rehabilitation, searched the Inmate/Parolee Appeals Tracking System - Level III, for any appeals filed by Plaintiff at the Director's level regarding the June 4, 2008 incident. (Decl. of N. Grannis at ¶ 8.)  The search revealed Plaintiff had not filed any Director's level appeals regarding the June 4, 2008 incident. (*Id*. at ¶¶ 8-9.)  Moreover, when asked on the complaint form to briefly describe the administrative relief sought, Plaintiff only listed the initial formal appeal that was filed on August 18, 2008. (*See* Complaint at 6.)  Thus, in addition to failing to file a timely initial appeal, Plaintiff also failed to exhaust his administrative remedies through the Director's level.

## IV.  CONCLUSION

Having reviewed the matter, the undersigned Magistrate Judge recommends Defendant's Motion be **GRANTED** and the Complaint be **DISMISSED** without prejudice for failure to exhaust administrative remedies.  *See McKinney*, 311 F.3d at 1200-01.  This Report and Recommendation of the undersigned Magistrate Judge is submitted to the United States District Judge assigned to this case, pursuant to 28 U.S.C. § 636 (b)(1).

///

**IT IS ORDERED** that no later than **April 3, 2009**, any party to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties within **10 days** of being served with the objections.

**IT IS SO ORDERED**.

DATED: February 27, 2009

**CATHY ANN BENCIVENGO**
United States Magistrate Judge